UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

ANWAR M. ABDI,

    Plaintiff,

v.

AMY J. KLOBUCHAR,
STEPHEN JAKUBOWSKI, and
LORI SWANSON,

    Defendants.

Civil No. 12-2006 (DWF/FLN)

**REPORT AND RECOMMENDATION**

    This matter is before the undersigned United States Magistrate Judge on Plaintiff's application to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons stated below, it is recommended that Plaintiff's IFP application be denied, and that this action be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

    An IFP application will be denied, and the action will be dismissed, if the applicant has filed a complaint that is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is "frivolous," and therefore subject to dismissal under § 1915(e)(2)(B)(i), "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). See also Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). Federal courts cannot summarily dismiss an action commenced by an IFP applicant, if the facts alleged in the applicant's complaint are merely "unlikely." Denton, 504 U.S. at 33. However, an IFP action can properly be dismissed, sua sponte, if the allegations in the complaint are found to be

"fanciful," "fantastic," or "delusional," or if they "rise to the level of the irrational or the wholly incredible." Id., citing Neitzke, 490 U.S. at 325, 328.

In some cases, it can be difficult to discern whether a plaintiff's allegations are truly "delusional," or merely "unlikely." In this case, however, that is an easy call to make. Plaintiff's pleading is a bizarre collection of allegations about "Nazi Private Armies in Somalia," "Cold War Bunkers," "Gastarbeitar Killers," "Puntland Pirates," and other nonsensical matters. The Court cannot find a single coherent statement anywhere in Plaintiff's entire pleading.

It is readily apparent that Plaintiff's complaint in this case "rise[s] to the level of the irrational or the wholly incredible." Without a doubt, the complaint is "frivolous," as that term has been defined by the Supreme Court. Therefore, the Court will recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed pursuant to § 1915(e)(2)(B)(i).

## RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be DENIED; and

2. This action be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Dated: August  27, 2012

                                       s/ *Franklin L. Noel*
                                       FRANKLIN L. NOEL
                                       United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **September 10, 2012**,

written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.